COWART, Judge.
A Virginia divorce decree gave the mother custody of a minor daughter of the parties. The child visited her father in Florida. The father retained her and enrolled her in school here, rather than returning her to her mother in Virginia. In an action brought by the mother in Florida, the trial judge enforced the custody provision of the foreign decree, ordered the father to surrender the daughter to her mother and entered a judgment in favor of the mother for $400 expenses, $500 as a contribution toward the mother’s attorney’s fees and $201.50 court costs. The father appeals, contending he did not “willfully violate” the Virginia decree and that the award of expenses, costs and attorney’s fees was unauthorized and improper. We disagree and affirm.
Section 61.1332(2), Florida Statutes (1981), provides:
A person violating a custody decree of another state which makes it necessary to enforce -the decree in this state may be required to pay necessary travel and other expenses, including attorney’s fees, incurred by the party entitled to the custody or his witnesses.
That statute requires no special willfulness or specific intent to violate a custody decree but only a general intent to do an act, or omit to do an act, which does in fact violate the’custody decree.
AFFIRMED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.